UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS RICE, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> v.<br><br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. , *et al.*,<br><br>     Defendants. | Case No. 10-CV-294-CVE-PJC |
| HAROLD MACARIOLA, on behalf of himself and all other similarly situated shareholders of Dollar Thrifty Automotive Group, Inc.<br><br>     Plaintiff,<br><br> v.<br><br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., *et al.*,<br><br>     Defendants. | Case No. 10-CV-311- CVE-PJC |

**PLAINTIFFS RICE AND MACARIOLA'S MOTION TO CONSOLIDATE
ALL RELATED SHAREHOLDER CLASS ACTIONS AND APPOINT A
<u>LEADERSHIP STRUCTURE FOR PLAINTIFFS, AND BRIEF IN SUPPORT</u>**

Plaintiffs Dennis Rice ("Rice") and Harold Macariola ("Macariola") (collectively "Plaintiffs"), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, respectfully move this Court for an order (a) consolidating the following class actions, and all related shareholder class actions, filed in the United States District Court for the Northern District of Oklahoma:

| Abbreviated Case Name | Civil Action No | Date Filed |
|---|---|---|
| *Rice v. Dollar Thrifty, et al.* | 10-CV-294-CVE-PJC | May 7, 2010 |
| *Macariola v. Dollar Thrifty, et al.* | 10-CV-311-CVE-PJC | May 14, 2010 |

and (b) appointing lead counsel for the consolidated actions. In support of this Motion, Plaintiffs submit the Declaration of Shane Rowley filed herewith, the [Proposed] Pretrial Order No. 1 submitted separately pursuant to Paragraph XIV of the Court's CM/ECF Administrative Guide of Policies and Procedures, and the following brief.

## I. INTRODUCTION

Plaintiffs filed in this Court their respective shareholder class actions on behalf of holders of common stock of Dollar Thrifty Automotive Group, Inc. ("Dollar Thrifty" or the "Company") against the members of the Board of Directors of Dollar Thrifty (the "Board") for breaching their fiduciary duties by approving, entering into, and/or recommending shareholder approval of, the proposed acquisition (the "Proposed Transaction") of Dollar Thrifty by Hertz Global Holdings, Inc. ("Hertz") and HDTMS, Inc. ("HDTMS"), and against Hertz and HDTMS for aiding and abetting those breaches of fiduciary duty. As explained herein, consolidation is appropriate and the Court should grant Plaintiffs' Motion to Consolidate All Related Shareholder Class Actions and Appoint Lead Counsel.

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs seek to consolidate the above-captioned shareholder class actions and all later-filed related shareholder class actions involving the Proposed Transaction pending in the Northern District of Oklahoma.

The following shareholder class actions (the "Related Actions") are currently pending before this Court:

| Abbreviated Case Name | Civil Action No | Date Filed |
| --- | --- | --- |
| *Rice v. Dollar Thrifty, et al.* | 10-CV-294-CVE-PJC | May 7, 2010 |
| *Macariola v. Dollar Thrifty, et al.* | 10-CV-311-CVE-PJC | May 14, 2010 |

The Related Actions name the same defendants and contain substantially similar allegations and causes of action. Both complaints allege that defendants breached their fiduciary duties to Dollar shareholders concerning the Proposed Transaction. Both complaints also seek to enjoin the consummation of the transaction with Hertz.

Given the similarities of the cases and to facilitate judicial economy and ensure the orderly prosecution of these claims, Plaintiffs request that this Court enter the contemporaneously submitted [Proposed] Pretrial Order No. 1: (1) consolidating the Related Actions; and (2) appointing Faruqi & Faruqi, LLP, and Wolf Popper LLP as Plaintiffs' Co-Lead Counsel and Hartman, Blackstock & Moore as local counsel.

The [Proposed] Pretrial Order No. 1 submitted herewith establishes a leadership structure for the Related Actions that provides for the coordination of service of notices and orders of this Court, the filing of a consolidated complaint and the consolidation of all future related actions. Thus, the [Proposed] Pretrial Order No. 1 will eliminate duplicative effort, coordinate Plaintiffs and promote the efficient prosecution of the Related Actions.

## II. ARGUMENT

A. **Consolidating All Related Actions Will Promote Judicial Economy**

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact and the court finds that consolidation would avoid unnecessary costs or delay. *Id.*; *see also Central Motor Co. v. United States*, 583 F.2d 470, 488 (10th Cir. 1978) (pursuant to Rule 42(a), "consolidation may be ordered by the court if the actions involve common questions of law or fact."); *Lindley v. Life Investors Ins. Co. of Am.*, No. 08-CV-0379, 2009 U.S. Dist. LEXIS 74582, at *11 (N.D. Okla. Aug. 20, 2009) (courts generally consider "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense" caused by consolidation). The objective of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004). The Tenth Circuit has held that the decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

Consolidation benefits both the court and the parties by expediting pretrial proceedings, avoiding duplication of effort, avoiding harassment of parties and witnesses and minimizing the expenditure of time and money by all persons concerned. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)); *MacAlister v. Guterma*, 263 F.2d 65, 68 (2nd Cir. 1958).

Here, consolidation is necessary and appropriate and will serve to promote efficient litigation. Not only do both actions name many of the same defendants, but each also alleges that defendants breached their fiduciary duties to Dollar by pursuing the Proposed Transaction, a transaction that is fundamentally unfair to Plaintiffs and the other public shareholders of the Company. The Plaintiffs in both cases will seek to review many of the same documents and

depose the same witnesses. Under these circumstances, consolidation is not only proper, but it is also necessary to avoid prejudice to the parties. *See Northern Natural Gas Co. v. L.D. Drilling, Inc.*, No. 08-1405-WEB, 2009 U.S. Dist. LEXIS 105099, at *48 (D. Kan. Nov. 6, 2009) (consolidation "will be sufficient to preserve judicial economy and avoid prejudice arising from the multiple actions"); *Fields v. Wolfson,* 41 F.R.D. 329, 330 (S.D.N.Y. 1967) ("serious prejudice could result to the parties from a failure to consolidate").

B.     **This Court Should Appoint a Leadership Structure for Plaintiffs**

In class action cases such as this one, it is well established that the court may appoint a leadership structure for plaintiffs to coordinate the prosecution of complex litigation. *Ehler v. IPEX, Inc.*, 2009 U.S. Dist. LEXIS 45089, at *5 (D. Colo. May 15, 2009) (Fed. R. Civ. P. 23(g)(3) permits a Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). Likewise, the utility in appointing lead counsel in complex actions such as this one is well recognized. As stated by one court:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.*, elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister*, 263 F.2d at 69. In addition, the *Manual for Complex Litigation Third* ("MCL 3d") recognizes the benefits of promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation. *See* MCL 3d §20.22, 20.221.

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *Walter v. Level 3 Communications, Inc.*, No. 09-cv-00658, 2010 U.S. Dist. LEXIS 26142, at *7 (D. Colo. Mar. 18, 2010). Rule 23(g)(1)(A) provides that the Court must consider counsel's work in identifying or

investigating the potential claims, counsel's experience in handling complex class actions, counsel's knowledge of the applicable law, and the resources that counsel will bring to bear in representing the class.

C.   **The Court Should Select Plaintiffs' Proposed Leadership Structure**

The [Proposed] Pretrial Order No. 1 submitted by Plaintiffs would appoint Faruqi & Faruqi, LLP, and Wolf Popper LLP as Plaintiffs' Co-Lead Counsel.  Appointment of this proposed Plaintiffs' leadership structure will serve to efficiently coordinate all Plaintiffs' common interests in prosecuting the Related Actions, while streamlining the proceedings and avoiding duplicative and unproductive effort.  *See* Declaration of Shane Rowley in Support of Plaintiffs' Motion to Consolidate ("Rowley Decl.") filed herewith.  As demonstrated by the resumes attached to the accompanying Declaration of Shane Rowley, the proposed Plaintiffs' Co-Lead Counsel are highly competent and have extensive trial and complex litigation experience including the prosecution and trial of shareholder class and derivative actions.  In short, these attorneys have a proven record of providing skilled and efficient case management in complex actions of this nature and are more than qualified to lead this litigation.

The two proposed Plaintiffs' Co-Lead Counsel also bring significant resources to this litigation.  The two firms are well established and successful firms that have the resources and personnel necessary to pursue a case of this magnitude.  As such, proposed Plaintiffs' Co-Lead Counsel's extensive relevant experience and deep resources easily meet the requirements of Fed. R. Civ. P. 23(g)(1)(A).  Furthermore the detailed pleadings already on file indicate that proposed Plaintiffs' Co-Lead Counsel more than satisfy the first prong of the rule regarding the work counsel has done in identifying and investigating potential claims.

**D.     The Court Should Enter Plaintiffs' [Proposed] Pretrial Order No. 1**

The Court's duty is to appoint a leadership structure for Plaintiffs that will effectively and efficiently litigate this action. Such a determination should start with the parties who initiated the lawsuit and should include a careful analysis of the quality of each moving party's pleadings. Furthermore, the unique ability to avoid duplicative litigation should take on special import. Any analysis of these factors leads to the conclusion that Plaintiffs' proposed leadership structure should be approved.

The [Proposed] Pretrial Order No. 1 appoints Faruqi & Faruqi, LLP, and Wolf Popper LLP to lead this litigation and gives them authority to efficiently manage this complex action on behalf of all Plaintiffs. Additionally, the proposed consolidated complaint to be filed with the Court will promote the expeditious resolution of pleading matters, since any motions directed to the pleadings will be heard on a single hearing date to be set by the Court and will relate to only one set of pleadings. Such procedures will not only simplify the presentation of any issues desired to be raised by the defendants concerning the sufficiency of the complaint, but will also avoid duplicative motions and hearings and unnecessary delay in the resolution of such issues. Entry of the proposed order will therefore assist the Court by providing for the orderly, cost effective and timely prosecution of all related actions.

## III.     CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiffs Rice and Macariola respectfully request that the Court order consolidation of all present and subsequently filed Related Actions, appoint the proposed leadership structure of Plaintiffs' counsel, and enter the [Proposed] Pretrial Order No. 1 submitted concurrently herewith.

| | |
|---|---|
| DATED: May 27, 2010 | Respectfully submitted |
| | s/ Jack C. Moore |
| | Jack C. Moore (OBA No. 14283) |
| | Andrew W. Hartman (OBA No. 3948) |
| | **HARTMAN, BLACKSTOCK & MOORE** |
| | 6520 S. Lewis Ave., Suite 15 |
| | Tulsa, Oklahoma 74136 |
| | Telephone: (918) 712-3246 |
| | Facsimile: (918) 712-5042 |
| | Email: andrew@andrewshartman.com |
| | jack_moore@andrewshartman.com |
| | |
| | *[Proposed] Local Counsel for the Plaintiffs* |

**OF COUNSEL:**

**FARUQI & FARUQI, LLP**
Shane Rowley
Jamie Mogil
369 Lexington Avenue, 10th Fl.
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: srowley@faruqilaw.com
jmogil@faruqilaw.com

**GARDY & NOTIS, LLP**
James S. Notis
Jennifer Sarnelli
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone: (201) 567-7377
Facsimile: (201) 567-7337
Email: jnotis@gardylaw.com
jsarnelli@gardylaw.com

**WOLF POPPER LLP**
Robert M. Kornreich
Carl. L. Stine
845 Third Avenue
New York, New York 11021
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
Email: rkornreich@wolfpopper.com
cstine@wolfpopper.com

## CERTIFICATE OF SERVICE

I hereby certify that on 27th day of May, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

None

          s/ Jack C. Moore
          Jack C. Moore

4823-0048-6662, v. 2