UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS RICE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., *et al.*, <br><br> Defendants, | Case No. 10-CV-294-CVE-PJC |
| HAROLD MACARIOLA, on behalf of himself and all other similarly situated shareholders of Dollar Thrifty Automotive Group, Inc., <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., *et al.*, <br><br> Defendants, | Case No. 10-CV-311-CVE-PJC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO APPOINT A LEADERSHIP STRUCTURE**

Defendants Dollar Thrifty Automotive Group ("Dollar Thrifty"), Thomas P. Capo, Scott L. Thompson, Edward C. Lumley, John C. Pope, Maryann N. Keller, and Richard W. Neu (collectively, the "Individual Defendants"), HDTMS, Inc. ("HDTMS"), and Hertz Global Holdings, Inc. ("Hertz") (collectively, the "Defendants"), respectfully submit this opposition to Plaintiffs' Motion to Appoint a Leadership Structure (the "Motion") [Docket No. 7].

**STATEMENT OF OPPOSITION**

On May 27, 2010, Plaintiffs Dennis Rice and Harold Macariola filed a Motion, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate their cases and appoint a "leadership structure." At the time Plaintiffs made the Motion, neither complaint had been served on any defendant. Plaintiffs have now contacted defense counsel to inquire whether they would accept service of the complaints, in connection with complying with the Court's directive to file a statement of whether Defendants objected to their Motion. See Minute Order (May 28, 2010).

Defendants do not oppose consolidation, but do oppose Plaintiffs' request for appointment of a leadership structure. Plaintiffs argue that the relief they seek is necessary for judicial economy and to avoid "duplication of effort" in cases with common allegations against common defendants, Motion at 4, 6-7 – yet they make no mention whatsoever of the fact that eight identical lawsuits have been filed in other courts. The other cases name the same defendants, challenge the same transaction, seek the same relief, and are brought on behalf of the same purported class – shareholders of Dollar Thrifty. The majority of those actions (five) were filed in Delaware, which is Dollar Thrifty's state of incorporation.[1]

---

[1] The other three cases were filed in Oklahoma state court, and have been consolidated under the caption Henzel v. Dollar Thrifty Auto. Group, Inc., No. CJ-2010-02761 (Okla. Dist. Ct. Apr. 28, 2010).

Delaware law governs the claims that Plaintiffs here (and in all of the other cases) assert. Indeed, all of the claims involve a merger agreement approved by Dollar Thrifty's Board of Directors (that will not result in a merger unless Dollar Thrifty shareholders, at a meeting to be held for this purpose, vote to approve that merger), and the agreement is both subject to Delaware law and fixes the courts of Delaware as the exclusive forum for adjudicating disputes about the agreement's terms. Under settled law, challenges to the internal affairs of a corporation – as these and the other cases plainly are – must be heard in a single forum, lest shareholders and their fiduciaries become subject to conflicting directives about what their fiduciary duties are. Thus, Defendants have already moved to have the consolidated Oklahoma state court cases dismissed in favor of the Delaware forum, where these cases have been consolidated and are under the active supervision of Vice Chancellor Leo Stine, Jr. of the Delaware Court of Chancery.

The Court should not expend valuable judicial resources resolving disputes that have no place in this jurisdiction. Plaintiffs' cases belong in Delaware, along with the five consolidated cases already proceeding before Vice Chancellor Strine, and the three that have been brought in Oklahoma state court and are subject to a motion to dismiss there. A hearing on the state court motion to dismiss is scheduled for June 10, 2010 before Judge Rebecca Brett Nightingale. Defendants attach for this Court's information a copy of the motion to dismiss filed in one of the Oklahoma state court actions.[2] Defendants will promptly make a similar motion to dismiss the Rice and Macariola cases, should they nevertheless proceed here despite the pendency of identical cases elsewhere. It is Delaware, not Oklahoma, that has a strong, recognized interest in disputes relating to the duties of directors of its corporations. Defendants too have a substantial

---

[2] The attached motion was filed in McGovern v. Dollar Thrifty Auto. Group, Inc., No. CJ-2010-02955 (Okla. Dist. Ct. May 6, 2010). As noted above, all of the Oklahoma cases have now been consolidated under the Henzel caption.

3

interest in seeing these disputes resolved in Delaware with the others already proceeding there, which will avoid the burden of duplicative litigation and potential inconsistent rulings. These out-of-state Plaintiffs have no countervailing interest in having their dispute resolved by this Court.

For these reasons, there is no need to appoint a "leadership structure" here, or for this Court to expend further resources on these cases. Plaintiffs allege that it is inefficient, prejudicial, and unnecessarily burdensome for multiple courts to hear multiple lawsuits brought on behalf of the same class alleging the very same claims against the very same defendants. Motion at 4-5. On this point, Defendants agree. At a minimum, the Court should hold this Motion in abeyance until it hears and decides Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion to appoint a leadership structure be denied or held in abeyance until Defendants' motion to dismiss these cases in favor of a Delaware forum can be decided.

DATED: June 4, 2010

Respectfully submitted,

By:  s/Gerald L. Hilsher
Gerald L. Hilsher, OBA #4219
Christina M. Vaughn, OBA #21390
McAfee &Taft
500 ONEOK Plaza
100 West 5th Street
Tulsa, Oklahoma 74103
(918) 587-0000

OF COUNSEL:
Mitchell A. Lowenthal
Deborah M. Buell
Clear Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

|  |  |
|---|---|
|  | John N. Hermes, OBA #4133<br>M. Richard Mullins, OBA #13329<br>McAfee & Taft<br>Tenth Floor<br>Two Leadership Square<br>211 North Robinson<br>Oklahoma City, Oklahoma 73102<br>(405) 235-9621 |
|  | *Attorneys for Defendants, Dollar Thrifty Automotive Group, Inc., Scott L. Thompson, Thomas P. Capo, Maryann N. Keller, Edward C. Lumley, John C. Pope, and Richard W. Neu* |
|  | By:  s/Michael J. Gibbens<br>       James L. Kincaid, OBA #5021 |
| OF COUNSEL: | Michael J. Gibbens, OBA #3339<br>Crowe & Dunlevy |
| Joseph Moodhe<br>Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, New York 10022<br>(212) 909-6000 | 321 South Boston Avenue<br>500 Kennedy Building<br>Tulsa, Oklahoma 74103<br>(918) 592-9800 |
|  | *Attorneys for Defendants Hertz Global Holdings, Inc. and HDTMS Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2010 I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

andrew@andrewshartman.com
jack.moore@andrewshartman.com
jnotis@gardylaw.com
jsarnelli@gardylaw.com
srowley@faruqilaw.com
james.kincaid@crowedunlevy.com
michael.gibbens@crowedunlevy.com

I hereby certify that on June 4, 2010, I served the attached document by mail, on the following, who are not registered participants of the ECF System:

Carl S. Stine
Wolf Popper LLP
845 Third Avenue
New York, NY 10022

Chet B. Waldman
Wolf Popper LLP
845 Third Avenue
New York, NY 10022

Joseph Moodhe
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

s/ Gerald Hilsher
Gerald Hilsher