# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS RICE, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., et al.,<br><br>      Defendants. | Case No. 10-CV-294-CVE-PJC |
| HAROLD MACARIOLA, on behalf of himself and all other similarly situated shareholders of Dollar Thrifty Automotive Group, Inc.<br><br>      Plaintiff,<br><br> v.<br><br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., et al.<br><br>      Defendants. | Case No. 10-CV-311-TCK-TLW |

**STATEMENT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS RICE AND MACARIOLA'S MOTION TO CONSOLIDATE ALL RELATED SHAREHOLDER CLASS ACTIONS AND APPOINT A LEADERSHIP STRUCTURE FOR PLAINTIFFS**

    Pursuant to the Court's Order entered May 28, 2010 [Dkt. No. 10], Plaintiffs Dennis Rice ("Rice") and Harold Macariola ("Macariola") (collectively "Plaintiffs") file this Statement of Objection as directed by the Court.

## PROCEDURAL HISTORY

    1.  Plaintiffs filed in this Court their respective shareholder class actions on behalf of holders of common stock of Dollar Thrifty Automotive Group, Inc. ("Dollar Thrifty" or the

"Company") against the members of the Board of Directors of Dollar Thrifty (the "Board") for breaching their fiduciary duties by approving, entering into, and/or recommending shareholder approval of, the proposed acquisition (the "Proposed Transaction") of Dollar Thrifty by Hertz Global Holdings, Inc. ("Hertz") and HDTMS, Inc. ("HDTMS"), and against Hertz and HDTMS for aiding and abetting those breaches of fiduciary duty.

2. Plaintiffs subsequently, on May 27, 2010, filed Plaintiffs' Motion to Consolidate All Related Shareholder Class Actions and Appoint Lead Counsel [Dkt. No. 7], pursuant to Fed. R. Civ. P. 42(a), seeking to consolidate the above-captioned shareholder class actions and all later-filed related shareholder class actions involving the Proposed Transaction pending in the Northern District of Oklahoma. Plaintiffs also seek the appointment of a leadership structure for Plaintiffs to coordinate the prosecution of this complex class action.

3. The Court in its Order [Dkt. No. 10] directed Plaintiffs to inform the Court as to the defendants' position on Plaintiffs' motion.

4. Plaintiffs' counsel has contacted counsel for all defendants and has been authorized by all defendants' counsel to advise the Court that they do not oppose the motion to consolidate, but they do oppose the request for appointment of a leadership structure.

**ADDITIONAL ARGUMENT AND AUTHORITY**

For the reasons already stated in our motion papers and detailed herein, plaintiffs respectfully suggest that, despite the defendants' opposition, the requested leadership structure is the normal practice in complex class actions such as this and will allow for the efficient prosecution of this action.

**This Court Should Appoint a Leadership Structure for Plaintiffs**

In class action cases such as this one, it is well established that the court may appoint a leadership structure for plaintiffs to coordinate the prosecution of complex litigation. *Ehler v.*

*IPEX, Inc.*, 2009 U.S. Dist. LEXIS 45089, at *5 (D. Colo. May 15, 2009) (Fed. R. Civ. P. 23(g)(3) permits a Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). Likewise, the utility in appointing lead counsel in complex actions such as this one is well recognized. As stated by one court:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.*, elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister v. Guterma*, 263 F.2d 65, 69 (2nd Cir. 1958). In addition, the *Manual for Complex Litigation Third* ("MCL 3d") recognizes the benefits of promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation. *See* MCL 3d §20.22, 20.221.

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *Walter v. Level 3 Communications, Inc.*, No. 09-cv-00658, 2010 U.S. Dist. LEXIS 26142, at *7 (D. Colo. Mar. 18, 2010). Rule 23(g)(1)(A) provides that the Court must consider counsel's work in identifying or investigating the potential claims, counsel's experience in handling complex class actions, counsel's knowledge of the applicable law, and the resources that counsel will bring to bear in representing the class.

**The Court Should Select Plaintiffs' Proposed Leadership Structure**

The [Proposed] Pretrial Order No. 1 previously submitted by Plaintiffs would appoint Faruqi & Faruqi, LLP, and Wolf Popper LLP as Plaintiffs' Co-Lead Counsel. Appointment of this proposed Plaintiffs' leadership structure will serve to efficiently coordinate all Plaintiffs' common interests in prosecuting the Related Actions, while streamlining the proceedings and avoiding duplicative and unproductive effort. *See* Declaration of Shane Rowley in Support of

Plaintiffs' Motion to Consolidate [Dkt. No. 8] ("Rowley Decl.") filed with the Court on May 27, 2010. As demonstrated by the resumes attached to the Declaration of Shane Rowley, the proposed Plaintiffs' Co-Lead Counsel are highly competent and have extensive trial and complex litigation experience including the prosecution and trial of shareholder class and derivative actions. In short, these attorneys have a proven record of providing skilled and efficient case management in complex actions of this nature and are more than qualified to lead this litigation.

The two proposed Plaintiffs' Co-Lead Counsel also bring significant resources to this litigation. The two firms are well established and successful firms that have the resources and personnel necessary to pursue a case of this magnitude. As such, proposed Plaintiffs' Co-Lead Counsel's extensive relevant experience and deep resources easily meet the requirements of Fed. R. Civ. P. 23(g)(1)(A). Furthermore the detailed pleadings already on file indicate that proposed Plaintiffs' Co-Lead Counsel more than satisfy the first prong of the rule regarding the work counsel has done in identifying and investigating potential claims.

**The Court Should Enter Plaintiffs' [Proposed] Pretrial Order No. 1**

Plaintiffs respectfully suggest that, despite defendants' opposition, the Court's duty is to appoint a leadership structure for Plaintiffs that will effectively and efficiently litigate this action. Such a determination should start with the parties who initiated the lawsuit and should include a careful analysis of the quality of each moving party's pleadings. Furthermore, the unique ability to avoid duplicative litigation should take on special import. Any analysis of these factors leads to the conclusion that Plaintiffs' proposed leadership structure should be approved.

The [Proposed] Pretrial Order No. 1 previously submitted to the Court would appoint Faruqi & Faruqi, LLP, and Wolf Popper LLP to lead this litigation and gives them authority to efficiently manage this complex action on behalf of all Plaintiffs. Additionally, the proposed consolidated complaint to be filed with the Court will promote the expeditious resolution of

pleading matters, since any motions directed to the pleadings will be heard on a single hearing date to be set by the Court and will relate to only one set of pleadings. Such procedures will not only simplify the presentation of any issues desired to be raised by the defendants concerning the sufficiency of the complaint, but will also avoid duplicative motions and hearings and unnecessary delay in the resolution of such issues. Entry of the proposed order will therefore assist the Court by providing for the orderly, cost effective and timely prosecution of all related actions.

The efficient organization and coordination of this action is all the more important now because defendant Hertz has filed a Preliminary Registration Statement on Form S-4 with the Securities and Exchange Commission, on May 26, 2010 (the "Registration Statement"). The Registration Statement purports to provide shareholders of Dollar Thrifty with all the information necessary to make an informed vote on the Proposed Transaction. However, Plaintiffs examination of the Registration Statement indicates that the document is deficient in several material respects. As such, Plaintiffs intend to file a consolidated complaint focusing on these deficiencies as soon as possible next week and also may need to take additional steps to ensure that a vote on the Proposed Transaction is not allowed to go forward until these deficiencies are addressed. For those reasons alone it is imperative that a leadership structure for Plaintiffs be put in place immediately that will allow for the efficient, coordinated litigation of this case.

**CONCLUSION**

In the interests of judicial economy and for the reasons set forth above, and as agreed to by all counsel, Plaintiffs Rice and Macariola respectfully request that the Court order the consolidation of all present and subsequently filed Related Actions. Plaintiffs also respectfully request that, despite defendants' opposition, the Court should appoint the proposed leadership

structure of Plaintiffs' counsel, and enter the [Proposed] Pretrial Order No. 1 previously submitted to the Court.

DATED: June 4, 2010

Respectfully submitted

 s/ Jack C. Moore
Jack C. Moore (OBA No. 14283)
Andrew W. Hartman (OBA No. 3948)
**HARTMAN, BLACKSTOCK & MOORE**
6520 S. Lewis Ave., Suite 15
Tulsa, Oklahoma  74136
Telephone:  (918) 712-3246
Facsimile:   (918) 712-5042
Email:  andrew@andrewshartman.com
            jack_moore@andrewshartman.com

*[Proposed] Local Counsel for the Plaintiffs*

**OF COUNSEL:**

**FARUQI & FARUQI, LLP**
Shane Rowley
Jamie Mogil
369 Lexington Avenue, 10th Fl.
New York, NY 10017
Telephone: (212) 983-9330
Facsimile:  (212) 983-9331
Email:    srowley@faruqilaw.com
            jmogil@faruqilaw.com

**GARDY & NOTIS, LLP**
James S. Notis
Jennifer Sarnelli
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone:  (201) 567-7377
Facsimile:    (201) 567-7337
Email:   jnotis@gardylaw.com
            jsarnelli@gardylaw.com

**WOLF POPPER LLP**
Robert M. Kornreich
Carl. L. Stine
845 Third Avenue
New York, New York  11021
Telephone:  (212) 759-4600
Facsimile:   (212) 486-2093
Email:     rkornreich@wolfpopper.com
              cstine@wolfpopper.com


## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2010 I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

   james.kincaid@crowedunlevy.com
   michael.gibbens@crowedunlevy.com
   gerald.hilsher@mcafeetaft.com
   christina.vaughn@mcafeetaft.com

I hereby certify that on June 4, 2010, I served the attached document by mail, on the following, who are not registered participants of the ECF System:

| | |
|---|---|
| Joseph Moodhe | Mitchell A. Lowenthal |
| Debevoise & Plimpton LLP | Deborah M. Buell |
| 919 Third Avenue | Clear Gottlieb Steen & Hamilton LLP |
| New York, NY 10022 | One Liberty Plaza |
| | New York, New York 10006 |

                                             s/ Jack C. Moore

4818-1860-5062, v. 1