UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DENNIS RICE and HAROLD MACARIOLA,
Individually and On Behalf of All Others Similarly
Situated,

                        Consolidated Plaintiffs,

    v.

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.,
et al.

                               Defendants.

Case No. 10-CV-294-CVE-FHM
BASE FILE

Consolidated with:
Case No. 10-CV-311-CVE-FHM

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF ITS MOTION TO
APPOINT A LEADERSHIP STRUCTURE**

Pursuant to LCvR 7.2(h), Plaintiffs Dennis Rice and Harold Macariola respectfully submit this reply in further support of their Motion to Appoint a Leadership Structure [Docket No. 7] (the "Motion" or "Mot.") and in response to Defendants' Opposition to Plaintiffs' Motion to Appoint a Leadership Structure [Docket No. 18] (the "Opposition" or "Opp."). On June 17, 2010, this Court issued an Order consolidating Plaintiffs' two actions for discovery and trial, and further stating that Plaintiffs' motion to appoint a leadership structure remains under advisement. [Docket No. 35.]

Defendants' Opposition puts forth no reason to deny Plaintiffs' motion to appoint a leadership structure. Defendants' argument relies on the point that they will promptly make a motion to dismiss this action in favor of a similar litigation in Delaware. (Opp. at 3.) Defendants' entire argument is presumptive – they have not filed a motion to dismiss. However, even if they did file such a motion, it would not be successful. Plaintiffs have recently filed a Joint Amended Class Action Complaint (the "Amended Complaint") [Docket No. 32], which

alleges a claim against Defendants for violating (1) Section 14(a) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78n(a), for filing a proxy statement with the United States Securities and Exchange Commission on March 26, 2010 that contains false and misleading statements of material fact, and also omits material facts, and (2) Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants for control person liability – claims over which this Court has original jurisdiction. These claims cannot be asserted in the Delaware state court, thus Defendants have no basis to dismiss this action in favor of the Delaware state action.[1] Furthermore, Defendants state that their motion to dismiss will be similar to the one they have made in the actions pending in Oklahoma state court. On June 10, 2010, that motion was denied.

The fact that Defendants have stated they will file a motion to dismiss supports granting Plaintiffs' motion as the proposed leadership structure will ensure the orderly and efficient briefing of the motion to dismiss, as well as the litigation that will follow in this Court.

Defendants' first argument against appointment of a leadership structure is that such an appointment will duplicate efforts with other cases filed in Oklahoma and Delaware state courts. (Opp. at 2-3.) This argument fails because, as stated above, Plaintiffs' Amended Complaint alleges federal claims against the Defendants which cannot be litigated in Oklahoma or Delaware state courts. This Court also has supplemental jurisdiction over the state law claims alleged in the Amended Complaint.

Defendants' next argument against appointment of a leadership structure is that Delaware law governs this dispute because the merger agreement is governed by Delaware law and the merger agreement provides for Delaware as the exclusive forum for adjudicating disputes. (Opp.

---

[1] This Court has supplemental jurisdiction over the state law claims alleged in the Amended Complaint. Plaintiffs do not concede that any other claim present in its Amended Complaint should be dismissed in favor of Delaware state court litigation, and will reply to the arguments for dismissal if and when a motion is made.

at 3.) Defendants' argument fails for three reasons. First, as stated above, the Amended Complaint asserts federal claims. Second, Defendants wrongly assume that the merger agreement's choice of law and forum clauses apply to this dispute. This is not a breach of contract claim arising out of the merger agreement, but rather a dispute over Defendants' violations of the federal securities laws and breaches of their fiduciary duties. Further, Plaintiffs are not signatories to the merger agreement, and the forum selection and choice of law clauses cannot be forced upon them. Third, even if Delaware law applies to the common law claims in this dispute, Defendants wrongly assume that this Court is incapable of applying Delaware law. This Court is certainly able to apply a choice of law analysis to the common law claims at issue and then apply the relevant state law.

Defendants' argument also wrongly assumes that Delaware is the only appropriate venue to hear the state law claims. This litigation is between the citizens of different states, and Defendant Dollar Thrifty Automotive Group, which has its headquarters and principal place of business within this district. Thus, even before the Section 14(a) and 20(a) claims were asserted, this case was appropriately brought in this District under 28 U.S.C. § 1332 and 28 U.S.C. § 1391. As the Oklahoma state court already held on June 10, 2010, Oklahoma also has a strong interest in ensuring that the officers and directors of Dollar Thrifty, a corporation headquartered and run from within Oklahoma, comply with their fiduciary duties to the Company's shareholders.

For the reasons stated above and in the Motion, Plaintiffs respectfully request that the Court order the consolidation of all present and subsequently filed related actions, appoint the proposed leadership structure of Plaintiffs' Counsel, and enter the [Proposed] Pretrial Order No. 1 previously submitted to the Court.

| | |
|---|---|
| DATED: June 18, 2010 | Respectfully submitted, |
| | s/ Jack C. Moore |
| | Andrew S. Hartman, OBA No. 3948 |
| | Jack C. Moore, OBA No. 14283 |
| | HARTMAN, BLACKSTOCK & MOORE |
| | P.O. Box 700690 |
| | Tulsa, Oklahoma 74170 |
| | Telephone: (918) 712-3246 |
| | Facsimile: (918) 712-5042 |
| | Email: andrew@andrewshartman.com |
| | jack.moore@andrewshartman.com |
| | |
| | *[Proposed] Local Counsel for the Plaintiffs* |

**OF COUNSEL:**

**FARUQI & FARUQI, LLP**
Shane Rowley
Jamie Mogil
369 Lexington Avenue, 10th Fl.
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: srowley@faruqilaw.com
jmogil@faruqilaw.com

**GARDY & NOTIS, LLP**
James S. Notis
Jennifer Sarnelli
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone: (201) 567-7377
Facsimile: (201) 567-7337
Email: jnotis@gardylaw.com
jsarnelli@gardylaw.com

**WOLF POPPER LLP**
Carl S. Stine
Chet B. Waldman
845 Third Avenue
New York, NY 10022
Tel: (212) 759-4600
Fax: (212) 486-2093
cstine@wolfpopper.com
cwaldman@wolfpopper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2010 I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

james.kincaid@crowedunlevy.com
michael.gibbens@crowedunlevy.com
gerald.hilsher@mcafeetaft.com
christina.vaughn@mcafeetaft.com
john.hermes@mcafeetaft.com

I hereby certify that on June 18, 2010, I served the attached document by mail, on the following, who are not registered participants of the ECF System:

| | |
|---|---|
| Joseph Moodhe | Mitchell A. Lowenthal |
| Courtney Marie Dankworth | Deborah M. Buell |
| Debevoise & Plimpton LLP | Clear Gottlieb Steen & Hamilton LLP |
| 919 Third Avenue | One Liberty Plaza |
| New York, NY 10022 | New York, New York 10006 |

    s/ Jack C. Moore

4843-6056-0134, v. 1