## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DENNIS RICE and HAROLD MACARIOLA,** | ) | |
| **individually and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Consolidated Plaintiffs,** | ) | |
| | ) | **Case No. 10-CV-0294-CVE-FHM** |
| **v.** | ) | **BASE FILE** |
| | ) | |
| **DOLLAR THRIFTY AUTOMOTIVE** | ) | **Consolidated with** |
| **GROUP, INC., THOMAS P. CAPO, MARY** | ) | **Case No. 10-CV-0311-CVE-FHM** |
| **ANN N. KELLER, EDWARD C. LUMLEY,** | ) | |
| **RICHARD W. NEU, JOHN C. POPE, SCOTT** | ) | |
| **L. THOMPSON, HDTMS, INC. and HERTZ** | ) | |
| **GLOBAL HOLDINGS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' AMENDED OPENING MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION PURSUANT TO
## LOCAL RULE 37.2(B) AND FED. R. CIV. P. 26(D) FOR EXPEDITED DISCOVERY

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii, iii

STATEMENT OF FACTS .................................................................................................... 1

LEGAL ARGUMENT............................................................................................................ 5

    I.   THIS COURT HAS GOOD CAUSE TO ORDER
       EXPEDITED DISCOVERY........................................................................................... 5

CONCLUSION....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

*Ellsworth Associates, Inc. v. United States of America,*
    917 F. Supp. 841 (D.D.C. 1996) ............................................................................. 6

*Evmar Oil Corp.* v. *Getty Oil Co.*,
    No. 76-4039, 1978 WL 1067 (C.D. Cal. Mar. 17, 1978) ...................................... 6

*Horizon Corp. v. Anselmi,*
    483 F. Supp. 653 (D.D.C. 1980) ........................................................................... 6

*Lichtenberg v. Besicorp Group Inc.*,
    43 F. Supp. 2d 376 (S.D.N.Y. 1999),
    *appeal dismissed*, 204 F.3d 397 (2d Cir. 2000) .................................................. 6

*Mesa Petroleum Co.* v. *Aztec Oil & Gas Co.*,
    406 F. Supp. 910 (N.D. Tex., 1976) ..................................................................... 6

*Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*,
    204 F.R.D. 675 (D. Colo. 2002) ........................................................................... 5

*Qwest Communications Int'l., Inc. v. Worldquest Networks, Inc.*,
    213 F.R.D. 418 (D. Colo. 2003) ...................................................................... 5, 6

*The Nordam Group Inc. v. McKiernan*,
    No. 07-CV-0109, 2007 WL 2114629 (N.D. Okla. Jul. 20, 2007) ........................ 6

Plaintiffs Dennis Rice and Harold Macariola ("Plaintiffs") respectfully submit this opening memorandum of law in support of their Expedited Motion, pursuant to Local Rule 37.2(b) and Fed. R. Civ. P. 26(d), for expedited discovery.

## STATEMENT OF FACTS

On April 26, 2010, Dollar Thrifty Automotive Group, Inc. ("Dollar") and Hertz Global Holdings, Inc. ("Hertz") jointly announced that they had entered into a definitive agreement and plan of merger (the "Merger Agreement"), under the terms of which Hertz would acquire Dollar for $41.00 per share (the "Merger Price"), composed of 80% cash consideration and 20% Hertz stock, subject to voting approval by Dollar shareholders (the "Proposed Acquisition"). The cash portion of the Proposed Acquisition is to be paid in two components, a $200 million special cash dividend to be paid by Dollar (amounting to approximately $6.88 per share), and $25.92 per share to be paid by Hertz. The stock portion is composed of 0.6366 shares of Hertz common stock per share of Dollar common stock.

Hertz's and Dollar's announcement of the Proposed Acquisition gave rise to class action litigation before this Court as well as state courts in Oklahoma and Delaware, alleging that the members of the board of directors of Dollar (the "Individual Defendants" or the "Board")[1] breached their fiduciary duties in connection with the proposed acquisition (the "Merger") of Dollar by Hertz and HDTMS, Inc. ("HDTMS"), collectively Dollar, Hertz, HDTMS and the Individual Defendants are "Defendants."

In addition, Plaintiffs in this action brought individual stockholder claims against Defendants arising out of their violations of §§14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 promulgated thereunder by the Securities and

---

[1] The "Individual Defendants" are Thomas P. Capo, Mary Ann N. Keller, Edward C. Lumley, Richard W. Neu, John C. Pope and Scott L. Thompson.

Exchange Commission (the "SEC") in connection with the dissemination of a false and materially misleading proxy statement relating to the Merger. As described more fully below, Plaintiffs' individual claims arise out of a materially false and/or misleading Form S-4 Registration Statement (the "S-4"), which Hertz filed with the SEC on May 26, 2010.

Plaintiffs allege that the Board breached their fiduciary duties to the public shareholders by entering into the Merger Agreement on these terms and presenting the Proposed Acquisition for shareholder approval pursuant to woefully insufficient proxy materials. Plaintiffs also allege that the Board members breached their fiduciary duties by failing to maximize shareholder value prior to entering into the Merger Agreement. Plaintiffs allege that the Board failed to shop the Company and try to obtain a better price.

The egregiousness of this breach is evidenced by: (a) the fact that on April 26, 2010, the president and chief executive officer ("CEO") of Dollar admitted, in letters to franchisees and employees, that Dollar had been approached "many times about a potential combination," but, even in light of those overtures, the Board did not shop, auction, or perform a market check of Dollar to obtain the most favorable deal for Dollar's shareholders; (b) the fact that soon after the Proposed Acquisition was announced, Avis Budget Group, Inc. ("Avis") sent a letter to Dollar, which revealed, among other things, that prior to the announcement of the merger the Chairman and CEO of Avis was scheduled to meet with the President and CEO of Dollar on April 28, 2010, two days after the Proposed Acquisition was announced, to discuss a potential transaction between the companies; and (c) the fact that on April 28, 2010, again two days after the Proposed Acquisition was announced, Dollar announced its best first quarter financial results in the Company's history.

The Board also breached their fiduciary duties to the public shareholders of Dollar by agreeing to unreasonable deal protection devices to prevent competing bids from third parties, including an unreasonably high break-up fee of approximately 5.25% of Hertz's portion of the merger consideration, a no solicitation provision, and a provision that provided Hertz with unlimited matching rights.

Compounding problems, Hertz, on May 26, 2010, filed with the SEC the S-4 to register the stock portion of the Proposed Acquisition Price that included a Joint Proxy Statement/Prospectus (the "Proxy"). The Proxy, which recommends shareholders vote in favor of the Proposed Acquisition, contains numerous materially false and/or misleading statements, including statements (as more fully discussed below in Section I(C), pp. 11 - 13), including:

- materially false and/or misleading statements in connection with the Select Public Companies Trading Analysis performed by Dollar's financial advisors, J.P. Morgan Securities Inc. ("J.P. Morgan") and Goldman, Sachs & Co. ("Goldman Sachs") (¶¶106-107);[2]

- materially false and/or misleading statements in connection with the Selected Transaction Analysis performed by Dollar's financial advisors (¶¶108-109);

- materially false and/or misleading statements in connection with the Discounted Cash Flow Analysis performed by Dollar's financial advisors (¶¶110-115);

- materially false and/or misleading statements in connection with the Present Value of Future Stock Prices Analysis performed by Dollar's financial advisors (¶¶116-117);

- materially false and/or misleading statements in connection with the Background of the Merger (¶¶118-120);

---

[2]     Any reference to "¶_" refers to Plaintiffs' Joint Amended Class Action Complaint filed on June 11, 2010.

- failing to disclose the fees earned by J.P. Morgan and Goldman Sachs through past engagements with Hertz and Dollar (¶121);

- materially false and/or misleading statements in connection with the financial projections for Hertz (¶122); and

- failing to disclose a valuation analysis for Hertz (¶123).

Defendants issued the materially false and/or misleading statements contained in the S-4 and the Proxy in an attempt to secure the approval of the Proposed Acquisition by Dollar's shareholders.

Additionally, at the time of the filing of the preliminary S-4, the Federal Trade Commission ("FTC") had not completed its review of the possible antitrust implications of the Proposed Acquisition. On June 16, 2010, however, the FTC requested additional information from both Hertz and Avis in connection with the possible antitrust implications of any business combination between those companies and Thrifty. This indicates that final approval of any business combination relating to Dollar is likely several months away, and indeed Dollar has informed its employees that it does not expect to close any transaction until 2011.

Despite the "second request" letter and the FTC's on-going antitrust review, Dollar sent out a proxy statement to its shareholders on July 6, 2010, apprising them that the special meeting of the shareholders to vote on the Proposed Acquisition was scheduled for August 18, 2010. This proxy failed to clarify or resolve any of the materially false and/or misleading statements described above.

# LEGAL ARGUMENT

## I.  THIS COURT HAS GOOD CAUSE TO ORDER EXPEDITED DISCOVERY

Fed. R. Civ. P. 26(d) normally requires a moratorium on all discovery in a newly filed case until the parties have held a Rule 26(f) discovery conference.  In this case, however, time is of the essence as Defendants will likely consummate the Proposed Acquisition well before Plaintiffs even had a chance to receive and review discovery related to this action.  Local Rule 37.2(b) provides that a magistrate judge may expedite discovery under certain exigent circumstances.  Given the looming August 18, 2010 scheduled special meeting of the shareholders to vote on the Proposed Acquisition, exigent circumstances are present in this case.

Plaintiffs' Counsel contacted Defense Counsel to request a Rule 26(f) conference and request the same discovery that has already been produced in the parallel state court actions in Delaware and Oklahoma.  *See* Declaration of Carl L. Stine.  Defense Counsel indicated opposition to such a conference and indicated their unwillingness to provide Plaintiffs in this action with discovery because the Defendants incorrectly believe that the PSLRA discovery stay applies in this action.  *Id.*  However, because the Federal Securities claims were made only on behalf of the individual Plaintiffs and not a class the PSLRA is inapplicable.

In addition, Rule 26(d) allows the moratorium to be lifted by order of this Court.  One circumstance where such an order is appropriate is when an application for a preliminary injunction is pending as suggested by the 1993 Committee Notes for Rule 26(d).[3]  *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*,  204 F.R.D. 675, 676 (D. Colo. 2002) ("expedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction."); *Qwest Communications Int'l., Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418,

---

[3]  Plaintiffs intend to seek a preliminary injunction to enjoin the special meeting of the shareholders upon review of the documents it seeks through this motion for expedited discovery.

419 (D. Colo. 2003) (finding that the party seeking expedited proceeding must show that it has "good cause" for such discovery and that such "good cause" standard may be satisfied when the party seeks a preliminary injunction); *The Nordam Group Inc. v. McKiernan*, No. 07-CV-0109, 2007 WL 2114629, at *1 (N.D. Okla. Jul. 20, 2007) (noting in the procedural history that the court granted plaintiff's motion to expedite discovery and plaintiff's motion for preliminary injunction); *Ellsworth Associates, Inc. v. United States of America*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings."); *Lichtenberg*, 43 F. Supp.2d at 384 (noting in the procedural history that the court granted plaintiffs' request for expedited discovery and scheduled a hearing on a motion for preliminary injunction).

Indeed, where plaintiff seeks injunctive relief in connection with a corporate acquisition, expedited discovery has been granted by federal courts. *See Mesa Petroleum Co.* v. *Aztec Oil & Gas Co.*, 406 F. Supp. 910, 917 (N.D. Tex., 1976) (in a case concerning a corporate acquisition offer, the court ordered that an expedited discovery program be adopted); *Evmar Oil Corp.* v. *Getty Oil Co.*, No. 76-4039, 1978 WL 1067, at *1 (C.D. Cal. Mar. 17, 1978) (in anticipation of the hearing upon plaintiffs motion for preliminary injunction restraining a merger, expedited discovery, including the taking of more than 20 depositions, was conducted by the parties); *Horizon Corp. v. Anselmi*, 483 F. Supp. 653, 655 (D.D.C. 1980) (expedited discovery used where preliminary injunction was sought to enjoin defendants from soliciting proxies from stockholders).

Here, Plaintiffs readily meet the good cause standard. Plaintiffs seek expedited discovery in anticipation of seeking a preliminary injunction. Moreover, Plaintiffs seek narrowly tailored discovery necessary to evaluate the Proposed Acquisition, including:

- All documents produced by defendants in the pending Delaware and Oklahoma state litigations;

- All minutes (with exhibits/attachments and minutes of other meetings referenced therein) of all meetings of the Board of Directors of Dollar or any committee or subcommittee thereof, including all drafts thereof, where there was any discussion of the Proposed Acquisition or any other potential or actual Offers;

- All documents reviewed by the Individual Defendants or reviewed by any officer, executive, or financial advisor of Dollar concerning the Proposed Acquisition or other proposed or actual Offer;

- All documents concerning any actual or proposed terms of the Proposed Acquisition, Merger Agreement, and/or previously considered acquisitions or offers, including, but not limited to, each Merger Agreement contemplated by Hertz and Dollar, all related exhibits and schedules and all drafts thereof;

- All documents or communications concerning the Proposed Acquisition or any other potential or actual Offer;

- All appraisals, analyses, opinions, reviews, Financial Statements, or other documents concerning the financial results, value, fair value, or inherent value of the stock or any of the assets of the business of Dollar;

- All documents provided by or to any Defendant and/or any financial institution, accounting firm, auditing firm, investment banking firm, expert to advisor, including, but not limited to, all documents concerning assumptions underlying any analyses, opinions, or projections concerning Dollar and any analyses of Dollar's financial projections by any financial advisor;

- All documents concerning any opinions or presentations made by or on behalf of any investment banking institution, financial institution, financial advisor, appraiser, tax advisor, or accountant to any defendants concerning the Proposed Acquisition or any proposed or actual Offer;

- All documents identifying affiliations between Dollar and any Defendant or between any of the Individual Defendants and Hertz, including without limitation, management agreements, partnership agreements, consulting agreements, licensing agreements, common board memberships, or common membership in any business organizations;

- All documents sufficient to identify any amounts or estimated amounts to be received by each executive officer and each director of Dollar in connection with, or as a result of, the Proposed Acquisition, or any transaction between Dollar and any other bidder or potential bidder, including but not limited to Avis; and

- All non-public documents given to potential purchasers of Dollar regarding the sale of Dollar, including, without limitation, bankers' presentations books.

Plaintiffs also seek a limited number of depositions of the key decision makers involved in this Proposed Acquisition. These narrowly tailored discovery requests are not burdensome. In fact, Defendants in this action have already produced most or all of these documents to litigants in parallel proceedings in Delaware and Oklahoma. As such, the production of these same documents will not cause Defendants to incur any undue costs or burden. Thus, expedited discovery should be granted.

## CONCLUSION

For the reasons set forth above, and as detailed in Plaintiffs' Joint Amended Class Action Complaint, Plaintiffs respectfully request entry of an Order, in the form filed contemporaneously herewith, authorizing Plaintiffs to conduct expedited discovery in support thereof.


DATED:  July 14, 2010                    Respectfully submitted

                                         **HARTMAN, BLACKSTOCK & MOORE**


                                         _____
                                              Jack C. Moore (OBA No. 14283)

                                         Andrew W. Hartman (OBA No. 3948)
                                         6520 S. Lewis Ave., Suite 15
                                         Tulsa, Oklahoma  74136
                                         Telephone:  (918) 712-3246
                                         Facsimile:   (918) 712-5042
                                         Email:  andrew@andrewshartman.com
                                                 jack_moore@andrewshartman.com

                                         *[Proposed] Local Counsel for the Plaintiffs*

**OF COUNSEL:**

**FARUQI & FARUQI, LLP**
Shane Rowley
Jamie Mogil
369 Lexington Avenue, 10th Fl.
New York, New York 10017
Telephone: (212) 983-9330
Facsimile:   (212) 983-9331
Email:     srowley@faruqilaw.com
           jmogil@faruqilaw.com

**GARDY & NOTIS, LLP**
James S. Notis
Jennifer Sarnelli
Kira German
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Telephone:  (201) 567-7377
Facsimile:  (201) 567-7337
Email:      jnotis@gardylaw.com
            jsarnelli@gardylaw.com
            kgerman@gardylaw.com

**WOLF POPPER LLP**
Robert M. Kornreich
Carl. L. Stine
Joshua W. Ruthizer
845 Third Avenue
New York, New York 11021
Telephone:  (212) 759-4600
Facsimile:  (212) 486-2093
Email:      rkornreich@wolfpopper.com
            cstine@wolfpopper.com