# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS RICE and HAROLD MACARIOLA, individually and on behalf of all others similarly situated, )))) | |
| )))) | CASE NO. 10-CV-294-CVE-FHM |
| CONSOLIDATED PLAINTIFFS, ) | BASE FILE |
| ) | |
| vs. ) | Consolidated with |
| ) | Case No. 10-CV-311-CVE-FHM |
| DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., THOMAS P. CAPO, MARY ANN N. KELLER, EDWARD C. LUMLEY, RICHARD W. NEU, JOHN C. POPE, SCOTT L. THOMPSON, HDTMS, INC., and HERTZ GLOBAL HOLDINGS, INC., )))))))))) | |
| ) | |
| DEFENDANTS. ) | |

## ORDER

Plaintiffs' Expedited Motion for Expedited Discovery [Dkt. 47] is before the Court for decision. The motion requests that the Court grant relief from the Fed.R.Civ.P. 26(d) stay of discovery to allow Plaintiffs to obtain document discovery from Defendants concerning the proposed merger between Dollar and Hertz. Plaintiffs state they intend to seek a preliminary injunction to enjoin the meeting of the shareholders to vote on the merger.

Defendants respond that Plaintiffs should not be allowed to engage in discovery until the Court rules on Defendants' pending motion to dismiss, that the automatic stay of discovery under the PSLRA precludes discovery and that the Plaintiffs have not shown good cause to permit discovery before the Fed.R.Civ.P. 26(f) conference.

The cases pending in this Court are the last in a series of cases filed relating to the merger. Earlier filed cases are pending in both Delaware and Oklahoma state courts. The Delaware and Oklahoma state courts have set their cases for hearings on requests for preliminary injunctions and both are engaged in expedited discovery.

The Court finds Defendants' arguments against expedited discovery in this case to be persuasive and, therefore denies Plaintiffs' motion.

Defendants' pending motion to dismiss presents substantial questions concerning this Court's jurisdiction. It is reasonable and appropriate for the Court to resolve the jurisdictional issue before allowing discovery to proceed.

Additionally, the PSLRA requires that discovery be stayed pending the Court's resolution of a motion to dismiss. 15 U.S.C. § 78 U-4(b)(3)(B). Although Plaintiffs contend the PSLRA does not apply to their individual claims, no authority is cited for this position.

Finally, Plaintiffs have not shown good cause for discovery at this stage of the case. There is no motion for preliminary injunction pending in the case. Other courts are actively litigating preliminary injunction requests and Plaintiffs are potential members of those class actions. To duplicate those efforts in this case would be unduly burdensome on Defendants.

Plaintiffs' Expedited Motion for Expedited Discovery [Dkt. 47] is DENIED.

SO ORDERED this 28th day of July, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

2